Price *v.* Durin.

New trial granted.

[ONONDAGA GENERAL TERM, October 6, 1868. *Foster, Mullin* and *Morgan,* Justices.]

———•••———

PRICE *vs.* DURIN.

56b 647
34ap121

An entry made in a book, by the auctioneer, at the commencement of an auction sale, purporting to be a memorandum of the person on whose account the sale is made, the nature of the property, the terms of payment, the names of the purchasers, and the lots struck off to each, and signed by the auctioneer, by his clerk, is a sufficient memorandum of the sale, within the statute of frauds, and applies to each sale made at such auction ; although the sale is adjourned to, and continues on, the second day, without any repetition of the memorandum.

And where the clerk of the auctioneer, at the time of each sale, and in the presence and under the direction of the auctioneer, enters in the book, underneath such general heading or memorandum, the name of each purchaser, the number and kind of property sold, and the price of such purchase, the name of the auctioneer being signed at the end of the sales for each day, this is a sufficient compliance with the statute, to make such sale valid. MORGAN, J., dissented.

APPEAL from a judgment in favor of the plaintiff, entered on the report of a referee.

The action was brought to recover damages for the non-performance by the defendant of the terms of an auction sale, at which he purchased a large quantity of boots and shoes belonging to the plaintiff. The defendant disputed the amount claimed to have been sold, and alleged that the sale was void by the statute of frauds.

The referee found that on the 5th and 6th of April, 1866, the plaintiff sold to the defendant at public auction, by one Jesse Butler, an auctioneer, goods, wares and merchandise of the value and at the price of $1108.92. That one Stitt acted as the clerk of the auctioneer, and under his directions kept a book, which was furnished by the plaintiff for him, in which, at the time of the sale, he entered a memorandum, specifying the nature of the property sold at the auction, the terms of the sales, the names of the respective persons purchasing goods, and the price to be paid for the goods by them respectively, and the name of the person on whose account the goods were sold. That by the terms of the sale, purchasers were to give approved indorsed notes, payable in ninety days, for the property purchased. That the plaintiff, within a reasonable time, requested the defendant to comply with the conditions of the sale, but that he refused to do so.

That the plaintiff was always ready and willing to deliver the goods to the defendant; but the defendant having refused to comply on his part, the plaintiff duly notified him that he should resell the goods and hold him responsible for the loss. And that on the 2d day of August, 1866, the plaintiff duly resold the goods for the sum of $654.99. And the referee ordered judgment for the plaintiff for $453, being the difference in the sales prices of the goods, with interest thereon from August 3d, 1866, making in all $492,78.

To all which findings the defendant excepted, and appealed from the judgment.

*W. J. Wallace,* for the plaintiff.

*Z. Lawrence Bebee,* for the defendant.

FOSTER, J. The defense interposed by the defendant was, 1st. That the sale at auction was not made in conformity with the requirements of the statute, (2 *R. S.* 136,

Price *v.* Durin.

§ 4,) which provides, in order to relieve the sale from the operation of the statute of frauds, that whenever goods shall be sold at auction, and the auctioneer shall, *at the time of sale,* enter in a sale book a memorandum, specifying the nature and price of the property sold, the terms of the sale, the name of the purchaser, and the name of the person on whose account the sale is made, such memorandum shall be deemed a note of the contract of sale, within the meaning of the last section." And, 2d. That the whole amount of his purchase was about $400, which he offered to accept and pay for.

The proof showed that the plaintiff had an auction sale of boots and shoes, which commenced on the 5th day of April, 1866, and was continued during the day, and was adjourned to the next day, and on that day was closed. That he employed Jesse Butler, an auctioneer, to make the sales for him, and one Stitt, who was a clerk in the employ of the plaintiff, acted as the clerk of the auctioneer on the sales, at the request and direction of the auctioneer; and that the memorandum of the sales was by Stitt, in a book owned by the plaintiff, but that the memoranda made therein, were made under the direction of the auctioneer.

On the 5th of April, and before the sale commenced, a memorandum was made in the book, in the following words:

"April 5th, 1866. Memorandum of auction sale on account of Milton S. Price, of boots and shoes, commencing April 5th, 1866. Terms 90 days, bank note, approved paper, names of purchasers, and lots struck off to each, as noted as hereafter following.

JESSE BUTLER, Auctioneer.
Per W. Stitt, Clerk."

The sale continued through the day, and Stitt, at the time of each sale, and in the presence and under the

direction of the auctioneer, entered in the book, under the above memorandum, the name of each purchaser, the number and kind of property sold, and the price of such purchase. The sale continued through the day, and at the end of the sales for that day, Stitt signed the name of "Jesse Butler, auctioneer, per Stitt, clerk." The sale was resumed on the 6th day of April, and Stitt continued, as of that date, to enter under the heading or memorandum of the preceding day, the names of the purchasers, the amount and kind of goods sold, and the price of such sales to the respective purchasers thereof. On that day there were sold between eighty and ninety distinct and separate parcels of goods to different purchasers, of which forty were sold to the defendant, and each of the parcels sold to him was entered separately by Stitt, in the presence of, and under the direction of the auctioneer, as the parcel was knocked off to him, by inserting the name of the defendant, the description of the goods sold to him, and the price for the parcel, and at the end of the sale for that day, the name of the auctioneer and of Stitt was subscribed at the foot of the memorandum, as was done the day before.

The claim of the defendant's counsel on this branch of the case is, that the memorandum made at the commencement of the sale, on the morning of the 5th of April, is not a compliance with the requirements of the statute; but that such a memorandum should be made as often as a parcel of goods was sold, and that the entry which was made, on the sale of each parcel, together with that memorandum, is not enough. And that, at all events such head memorandum should have been made again on the 6th of April, to have any effect as to the purchases made by the defendant on that day.

Several authorities are cited by the counsel, in support of his proposition, but it is enough to say of them that they were each cases of an auction sale of a single article. In

Price *v.* Durin.

this case there were sold on the two days nearly 200 distinct parcels, to about twenty different purchasers, whose purchases were interspersed with each other, and of the forty purchases made by the defendant, all except six of them were each for less than $50.

I have no doubt that the general memorandum, entered on the 5th of April, applied to each of the sales, on both days; and that the other entries made by Stitt at the close of the sale of each parcel, under the direction and in the presence of the auctioneer, was a sufficient compliance with the statute, to make the sale valid.

The only doubt I have in the case is, as to the amount of the purchases made by the defendant.

The plaintiff testified to the amount of the sales, and that he knew the entries made by Stitt were correct; but he did not produce Stitt as a witness, and the proof of the claim is not as satisfactory as could be desired. On the other hand, the defendant swears that his purchases were only for a much less amount; and he swears that he had a person with him, who kept a memorandum of his purchases, but that he did not know where he was, and that he could not find the memorandum. But although the evidence is not as satisfactory as we could wish, I think the referee might come to the conclusion, as to the amount which he did, and the judgment should be affirmed.

MULLIN, J., concurred.

MORGAN, J., dissented.

[ONONDAGA GENERAL TERM, October 6, 1868. *Foster*, *Mullin* and *Morgan*, Justices.]